# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16-CR-85-JED |
| v. ) | |
| ) | |
| JOSHUA EDWARD KREPPS, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

**I.  Background**

The defendant, Joshua Edward Krepps, has filed a Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 (Doc. 95). The defendant asserts that he was considered a career offender in violation of the Due Process Clause of the Fifth Amendment. (*Id.* at 2).

The defendant pleaded guilty to a one count Information, which charged him with aiding and abetting attempted carjacking, in violation of 18 U.S.C. §§ 2119(1) and 2(a). (Doc. 52, 62). In connection with his guilty plea, the defendant stated that, on June 15, 2016, he helped Timothy Ignatovich threaten a woman and attempt to carjack her car. (*See* Doc. 62 at 2; Doc. 63 at 8). The defendant believed that he and Ignatovich were to collect money from the woman and, when it was clear she did not have money, the defendant suggested that they take her car, which they then attempted to do through intimidation. (Doc. 63 at 8; Doc. 62 at 3). The car was also occupied by the woman's two children, ages nine and ten, and the defendant sat in the backseat with the children. (Doc. 63 at 8). The children asked the defendant if they were going to hurt their mother. (Doc. 62 at 3). While the defendant and Ignatovich believed the woman was calling someone to come to get her children, the woman actually contacted law enforcement, who arrived on the scene and stopped the carjacking that was in progress. If law enforcement had not intervened or the

woman had otherwise continued to refuse to give the defendant and Ignatovich the car, Ignatovich and others were prepared to "give her a 'beat down' or cause serious physical harm to her." (Doc. 63 at 8; *see also* Doc. 62 at 3).

The statutory maximum for the offense of conviction was 15 years. *See* 18 U.S.C. § 2119(1). Pursuant to § 2B3.1 of the United States Sentencing Guidelines (USSG), the Presentence Investigation Report (PSIR) assessed a base offense level of 20. Because the defendant was present when his co-defendant threatened a person's life, two levels were added, and two levels were added because the offense involved carjacking. Because the defendant knew or should have known two of the victims of the offense were vulnerable victims, one nine year old child and another child who was ten years old, two more levels were added. Defendant's adjusted offense level was thus 26. Pursuant to USSG § 4B1.1, the defendant's offense level was determined to be that of a career offender, where the maximum sentence is 15 years, at offense level of 29, because he had previously been convicted of at least two convictions for controlled substance offenses. (PSIR at ¶ 22). He received a three-level reduction for acceptance of responsibility, to bring his total offense level to 26. Based on the total offense level of 26 and a criminal history category of VI, the guidelines range in the PSIR was 120 to 150 months. (PSIR at ¶ 53).

The defendant did not object to the PSIR. (*See* Addendum to PSIR). The defendant moved for a two-level downward departure based on a history of untreated mental illness. (Doc. 84). The Court granted that motion, bringing the total offense level to 24 and resulting in the departure guidelines range of 100 to 125 months. The Court sentenced the defendant to 100 months' imprisonment. (Doc. 87 at 2). The defendant did not file a direct appeal.

The defendant filed the instant motion to vacate under § 2255 within one year of the date on which his conviction became final. Accordingly, the Court finds that the motion was timely.

II. **Discussion**

   A. **Discretionary sentencing guidelines are not subject to a void for vagueness due process challenge.**

In his § 2255 motion, the defendant argues that the application of the USSG § 4B1.1 career offender guideline violated his due process rights under the Fifth Amendment to the United States Constitution. (*See* Doc. 95). He claims that he is entitled to relief under *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015) and *Sessions v. Dimaya*, __ U.S. __, 138 S. Ct. 1204 (2018), which held that *statutory* residual definitions of crimes of violence were void for vagueness and thus in violation of the Due Process Clause. (*See* Doc. 95 at 4). Defendant also cites *United States v. Salas*, 889 F.3d 681 (10th Cir. 2018). That case involved *statutory* "crime of violence" language similar to that in *Dimaya*, which was determined unconstitutionally vague.

The defendant in this case was *not* sentenced as a career offender under any *statute* that would result in an increased statutory maximum or imposition of a mandatory minimum sentence. Indeed, defendant was sentenced to 100 months, which was 80 months less than the 15-year statutory maximum applicable to carjacking under the statute of conviction, § 2119(1). The career offender *Sentencing Guidelines* – not a statute setting a different statutory range than the statute governing the substantive offense – were utilized in calculating his offense level to assist the Court in exercising sentencing discretion. Specifically, the PSIR determined that defendant was a career offender "because he was 30 at the time of the offense, Count One is a crime of violence pursuant to USSG § 4B1.2, comment (n.1), and [he] has at least two prior convictions for controlled substance offenses." (PSIR at ¶ 22). The defendant did not object to the PSIR.

Because the USSG are discretionary, and district courts are required to make an individualized assessment based on the facts presented and other factors under 18 U.S.C. § 3553(a), the guidelines are not subject to a void for vagueness challenge. *Beckles v. United States*,

__ U.S. __, 137 S. Ct. 886, 892-895 (2017). The Supreme Court has explained the distinction between mandatory statutes and the USSG:

> Unlike the [statutory Armed Career Criminal Act], however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Beckles*, 137 S. Ct. at 892. The Supreme Court thus held "that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." *Id.* at 895.

The defendant's void for vagueness challenge fails under *Beckles*.

### B. The PSIR applied the offense level under the elements clause, not any residual clause.

Even if the defendant's arguments could survive *Beckles* (which they cannot), the PSIR applied USSG § 4B1.2(a)'s "crime of violence" definition under the *elements clause*, not any provision that is similar to the *residual clauses* found unconstitutionally vague in *Johnson*, *Dimaya*, or *Salas*. The USSG § 4B1.2(a)'s elements clause provides as follows:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another. . . .

USSG § 4B1.2(a)(1).[1]

---

[1] Section 4B1.2(a), which was cited in the PSIR, does not contain residual clause language. Rather, it has an elements clause, subsection (a)(1), and an enumerated offenses clause, subsection (a)(2).

4

The elements clause under the USSG is similar or identical to elements clauses found in certain statutes. *See, e.g.,* 18 U.S.C. § 924(e)(2)(B)(i). *Johnson* and *Dimaya* did not invalidate any provisions akin to the USSG elements clause; they invalidated only separate statutory residual clauses as void for vagueness. *See Johnson*, 135 S. Ct. at 2563 (only the residual clause was at issue); *Dimaya*, 138 S. Ct. at 1211 (only the residual clause of the statute, not the elements clause, was at issue). [2]

### C. The offense of conviction is a crime of violence under USSG § 4B1.1(a).

Although the defendant did not object to the PSIR's application of the guidelines' career offender offense level to his crime of conviction, the Court notes that the PSIR correctly determined that his offense is subject to the career offender provision of USSG § 4B1.1(a). That guideline provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a). The PSIR correctly determined that the first and third elements were easily met, because the defendant was 30 years old and had at least two prior felony convictions for controlled substance offenses, one in 2009 and one in 2014. (PSIR at ¶ 22).

In addition, the PSIR properly determined that the second element of § 4B1.1(a) was satisfied, because the crime of conviction is a "crime of violence." (*See id.*). As noted, the

---

[2] In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act's definition of "violent felony" was unconstitutionally vague. That residual clause included within the definition of "violent felony" "any crime punishable by imprisonment for a term exceeding one year . . . that . . . otherwise involves conduct that presents a serious potential risk of physical injury to another." *Johnson*, 135 S. Ct. at 2555-56 (quoting 18 U.S.C. § 924(e)(2)(B)). *Dimaya* determined that similar residual clause language in a "crime of violence" definition in 18 U.S.C. § 16(b) was unconstitutionally vague. *Dimaya*, 138 S. Ct. at 1211.

5

elements clause of the applicable guideline defines "crime of violence" to include any offense under federal or state law punishable by imprisonment exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  USSG § 4B1.1(a).  To determine whether an offense is a "crime of violence" within the meaning of the elements clause of USSG § 4B1.2(a)(1), the courts "use one of two methods of analysis: the categorical approach or modified categorical approach."  *United States v. Taylor*, 843 F.3d 1215, 1220 (10th Cir. 2016).  The categorical approach "focuses solely on 'the elements of the statute forming the basis of the defendant's conviction.'"  *Id.* (quoting *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013)).

In this case, the defendant was convicted of aiding and abetting attempted carjacking, in violation of 18 U.S.C. §§ 2119(1) and 2(a).  Section 2119(1) provides:

> Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall - - (1) be fined under this title or imprisoned not more than 15 years, or both.

18 U.S.C. § 2119(1).  The required elements of the offense are that (1) the defendant intentionally took or attempted to take a motor vehicle; (2) by means of force and violence or intimidation; (3) the motor vehicle had been transported, shipped, or received in interstate or foreign commerce; and (4) the defendant intended to cause death or serious bodily harm.  *See id.*; *see also* Criminal Pattern Jury Instructions for the Tenth Circuit (2011 ed.), Instruction No. 2.79.

Courts within this Circuit have determined that carjacking under § 2119 is a crime of violence under the elements clause.  *See United States v. Brown*, 200 F.3d 700, 706 (10th Cir. 1999) ("the substantive offense of carjacking is always a crime of violence") (finding carjacking a crime of violence under the language of both the elements clause and the residual clause of §

6

924(c)(3)); *United States v. Folse*, 301 F. Supp. 3d 1037 (D.N.M. 2017) (carjacking is categorically a crime of violence under USSG § 4B1.2(a)(1)'s elements clause). The Court agrees with the analysis in *Folse*, which addressed the same issue under the elements clause of the sentencing guideline involved in the defendant's sentencing in this case. *See Folse*, 301 F. Supp. 3d at 1063-65.

The defendant was convicted of aiding and abetting an attempted carjacking in violation of § 2119(1) and § 2. Pursuant to USSG § 4B1.2, Application Note 1, "crime of violence" also "include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." Because the substantive offense of carjacking is categorically a crime of violence, the defendant's offense is also a crime of violence.

## III. Conclusion

Upon initial consideration of the defendant's motion, "it plainly appears from the [defendant's] motion . . . and the record of prior proceedings that the [defendant] is not entitled to relief," such that the Court "must dismiss the motion and direct the clerk to notify the moving party." Rule 4 of the Rules Governing Section 2255 Proceedings.

Because the Court has determined that the motion should be dismissed pursuant to Rule 4, there is no basis for an evidentiary hearing. *See* Rule 8 of the Rules Governing Section 2255 Proceedings. Similarly, the defendant is not entitled to appointment of counsel. *See id.*

For the foregoing reasons, the defendant's § 2255 motion (Doc. 95) is **dismissed**, and his motions for hearing and appointment of counsel (Doc. 96, 97) are **denied**.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court finds and concludes that a certificate of appealability should not issue. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2). The defendant has not made such a showing, and a certificate of appealability is thus **denied**.[3]

DATED this 9th day of July, 2018.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

---

[3] The defendant's Plea Agreement contains a broad post-conviction waiver, which the defendant represented both in writing and at the change of plea hearing he entered into knowingly and voluntarily. (*See* Doc. 63 at 3). In relevant part, the Plea Agreement provides that "[t]he defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel." (*Id.*). The defendant's § 2255 motion does not raise any ineffective assistance of counsel claim that would fall within the limited exception to the written collateral attack waiver. Such a "waiver must ordinarily be raised by the government," and it "is not entirely clear" whether a court "may enforce such a waiver upon [its] own motion." *United States v. Parker*, 720 F.3d 781, 786, n.4 (10th Cir. 2013). Because the Court has decided that the defendant is plainly not entitled to relief, the Court need not direct the government to file any response, *see* Rule 4 of the Rules Governing Section 2255 Proceedings, and the government has thus not had an opportunity to assert the collateral review waiver. Accordingly, the Court need not determine whether it may enforce such a waiver *sua sponte*, and the defendant's motion has been determined here on its merits.